

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

ALD C. MANN
ET GENERAL

February 15, 1939

Hon. Chas. H. Theobald
County Attorney
Galveston, Texas

Dear Sir:

> Opinion No. O-254
> Re: Whether or not creating a drain-
> age district embracing the entire
> county excepting territory of in-
> corporated cities is authorized.

We acknowledge receipt of your letter of
January 31st wherein you request an opinion as to whe-
ther or not an all-county drainage district may be es-
tablished, or such territory not within the limits of
incorporated cities in said county may be embraced in
one district for drainage purposes.

The Act of 1937, 45th Legislature, Second
Called Session, House Bill No. 70, to which you refer,
does not necessarily appear to affect the question of
whether or not an all-county drainage district can be
created or the territory embraced in one county. Should
it be determined that any such district can be and is
lawfully created and having its boundaries defined as
the limits of said county, same would merely come with-
in the wording used in said act, reading:

> "...in which is wholly located any
> drainage district or districts...."

Article 8097, Revised Civil Statutes, 1925,
reads as follows:

> "The commissioners courts may estab-
> lish one or more drainage districts in
> their respective counties in the manner
> provided in this chapter. Such districts,

when so established, may make drainage improvements therein and issue bonds in payment therefor as provided in this chapter. The commissioners court shall hereafter be designated as the 'Court'."

It is to be noted that the authority to establish one or more drainage districts in a county is granted by the Legislature to the Commissioners' Court of its respective county, which district, in its creation, however, must be established in the manner provided for and such provisions are set forth in chapter 7 of title 128, Revised Civil Statutes, 1925.

After examining the various provisions of the statutes pertaining to the manner of creating such districts, we are unable to construe such provisions and the above Article 8097 as a limitation on the power of the qualified petitioners and tax-payers of a county and the Commissioners' Court to establish one drainage district to embrace all the territory permissible in the entire county wherein no drainage districts exist.

It is, therefore, the opinion of this Department that the creation of one drainage district to embrace all territory of the county excepting therefrom the territory within the limits of incorporated cities where same is established in the manner provided by law, would not be without the scope of the legislative intent as expressed in Article 8097, quoted above and under the provisions of the law regulating the manner of its establishment.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED: